UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION


R.A.M.                                    CIVIL ACTION NO. 08-cv-1363

VERSUS

U.S. COMMISSIONER SOCIAL
SECURITY ADMINISTRATION          MAGISTRATE JUDGE HORNSBY


**MEMORANDUM RULING**

**Introduction**

R.A.M. ("Plaintiff") filed an application for disability insurance benefits based on an

allegation that she became disabled in 2001 due to problems including back, neck, foot, and

knee pain.  She has a high school education and past relevant work as a filling machine

operator.  ALJ Bundy denied Plaintiff's claim based on a finding that Plaintiff could perform

the full range of sedentary work and the application of the Medical-Vocational Guidelines.

Plaintiff appealed that decision to this court. The agency decision was reversed, and the case

was remanded to afford the agency the opportunity to address medical evidence and

testimony that Plaintiff suffered from piriformis syndrome, which may cause problems such

as numbness in the legs. That evidence had not been discussed in the ALJ's decision. See

05-cv-1091.

On remand, ALJ Charles Lindsay conducted another hearing.  He reviewed the

medical evidence and heard testimony from both a medical expert in the field of orthopedic

surgery and a vocational expert ("VE").  He determined that Plaintiff had the residual

functional capacity ("RFC") to perform sedentary work, subject to certain additional limitations. Those limitations included no more than occasional performance of postural activities (but no climbing of ladders, kneeling, or crawling); the need to sit/stand at will; no more than occasional overhead reaching; no working at unprotected heights or around dangerous moving machinery; the occasional need for a cane for ambulation; inability to work around vibratory tools; and a moderately reduced ability to understand, remember, and carry out detailed instructions, maintain attention and concentration, deal with the public, and to set goals independently of others.

That RFC did not permit Plaintiff to perform her past relevant work, which was at the medium exertional level. The ALJ then examined, at step five, whether Plaintiff could perform the demands of other jobs that exist in significant numbers in the national economy. The ALJ accepted the VE's testimony that a person with Plaintiff's RFC and other vocational factors could perform the demands of jobs such as telephone information clerk or document preparer, which meant that Plaintiff was not disabled. The ALJ allowed, however, that Plaintiff would turn 50 on December 12, 2007, and that the change in her age category would render her disabled as of that date. Plaintiff's last date insured was December 31, 2006, so the decision entitled her to SSI benefits but not the more generous disability insurance benefits that would be available if Plaintiff were found to have been disabled during her insured period.

The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

Plaintiff argues on appeal that the ALJ erred with respect to his finding that her RFC includes "the need to sit/stand at will." Plaintiff contends that the evidence requires a finding that she had a more restrictive limitation in that she needs to stand and walk for 20 minutes each hour. The VE testified that such a requirement would eliminate available jobs.

Plaintiff saw Dr. Ryan Bicknell in March 2000, with complaints of lumbar back pain since 1999. Another orthopedist told her she had lumbar strain, and Plaintiff had been in physical therapy and seen some improvement. Dr. Bicknell examined Plaintiff and opined that she had left piriformis syndrome. He directed stretching and advised Plaintiff to "[a]void prolonged sitting." Tr. 471. In the following months, Dr. Bicknell continued to prescribe stretching exercises, medication, and injections. Plaintiff was excused from work for several days in July-August 2001 and again in June 2002, related to this problem.

The ALJ addressed written questions to Dr. Frank Barnes, a medical expert who did not exam Plaintiff but did review her medical records. Dr. Barnes noted the diagnosis of piriformis syndrome that caused pain about the hip. He opined that it and other impairments (such as osteoarthritis and obesity) required, "limited standing-two hrs per day." Tr. 474-77. He completed an assessment form that also indicated Plaintiff could, with normal breaks, stand and/or walk at least two hours in an eight-hour workday. He found that sitting was not affected by the impairments. Tr. 479-80. He concluded that Plaintiff had become limited to sedentary work by August 2004 when her knee osteoarthritis was demonstrated. Tr. 482.

Steve Allison, a doctor of physical therapy, conducted a functional capacity evaluation in July 2007. He determined that Plaintiff had the RFC to safely perform full-time work in the light to medium categories. Mr. Allison noted in a table, without explanation, that Plaintiff could frequently sit, stand, and walk. In the comments regarding those abilities, he

noted, "On average, she will need to stand/walk 20-minutes each hour." Tr. 487-509. Plaintiff's appeal is based in large part on this comment.

The ALJ sent Dr. Barnes a copy of the Allison report and asked if it changed his previous opinion. Dr. Barnes replied that the new evidence persuaded him that Plaintiff was "capable of full range of light work." Tr. 510-11. He made no statement regarding Allison's comment that Plaintiff would need to interrupt sitting to stand/walk for 20 minutes per hour.

Plaintiff testified at a hearing that she had tested herself and could stand for 30 or 35 minutes at a time while cooking in her kitchen. She said that she could sit for 30 to 40 minutes. Tr. 525. Plaintiff testified that her piriformis problem still bothered her but had "gotten better" over the years. Tr. 527-28.

Dr. Barnes appeared at a hearing to allow Plaintiff's counsel to cross-examine him regarding his supplemental report. Counsel directed Barnes' attention to the note in the Allison report that Plaintiff would need to stand and walk 20 minutes of each hour, and he asked Dr. Barnes if that was consistent with the information Barnes had. Dr. Barnes answered that it would be consistent with what Plaintiff had been saying, but he was "not sure that how you would objectively come to that conclusion." Counsel asked if Allison's observation of Plaintiff for 3.5 hours would be one way to determine what kind of breaks Plaintiff needed, and Dr. Barnes agreed that it was one way to get an estimate. He also agreed that he did not have any objective evidence that such breaks would not be needed by Plaintiff. Tr. 538-44.

The ALJ, in his written decision, reviewed this and other medical evidence and testimony. He found that Plaintiff was partially credible and that her own estimates of her abilities, plus her daily activities (that included occasional cooking, putting dishes in the dishwasher, going to church twice a week, and driving) suggested an ability to perform a wide range of sedentary work if Plaintiff is allowed to sit/stand at will. The ALJ stated that this was confirmed by the opinions of Dr. Barnes, who originally limited Plaintiff's ability to stand/walk to two hours. This opinion was found to be "not inconsistent" with records from Dr. Bicknell, who had only briefly precluded Plaintiff from working on two occasions while she was being treated for piriformis syndrome. The ALJ observed that the piriformis condition appeared to have responded well to injections and stretching exercises, as there was no evidence of required continuing treatment.

The ALJ did not make specific reference to Mr. Allison's finding that Plaintiff would need to stand/walk for 20 minutes each hour, but he did say that he afforded "little weight" to the opinion of Mr. Allison and to the second opinion of Dr. Barnes, both of which indicated that Plaintiff could perform light work. The ALJ found that there was an objective basis for Plaintiff's complaints of knee pain that would limit her ability to stand/walk to no more than two hours, which would preclude light work and limit her to mere sedentary work. Tr. 224-25. Thus, the ALJ found that Plaintiff was generally more limited than either Allison or Barnes opined.

Plaintiff essentially urges that the ALJ was compelled to accept the indicated limitation of the need to stand/walk 20 minutes each hour because there was no specific finding in the evidence of a different limitation in that regard. The ALJ was not so limited, however. He need not embrace all the findings of any one medical or other source. Rather, he is entitled to weigh the evidence and reach a decision that is supported by substantial evidence. In this case, the ALJ reviewed the report of Dr. Allison, the testimony of Dr. Barnes, the records from the treating Dr. Bicknell, as well as records from Dr. Kerr, Dr. Savory, and Dr. Waddell that related to Plaintiff's orthopedic and other limitations. In the end, he found that Plaintiff was limited to the least demanding level of work, sedentary, and further limited by a host of additional limitations. The ALJ plainly did not discount Plaintiff's difficulties. As for her ability to sit/stand, the ALJ found that Plaintiff could stand no more than two hours per day and would need to sit and stand at will. His conclusions are supported by reasonable interpretations of the available evidence. That the ALJ did not also embrace the unexplained limitation offered by Mr. Allison of a slightly greater limitation does not deprive his ultimate decision of support by substantial evidence. For these reasons, the Commissioner's decision will be affirmed.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of September, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE